■ CARMEN SOSA, Respondent-Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant-Respondent, H. L. LAZAR, INC., Appellant, and ATLAS TILE & MARBLE WORKS, INC., Respondent, et al., Defendants.— Judgment for plaintiff upon a jury verdict awarding damages for personal injuries unanimously reversed, on the law and the facts, and a new trial ordered in the exercise of discretion, with costs to abide the event. Plaintiff was injured when she fell over a pail of cement as she stepped off the elevator in the main lobby of a building owned by defendant, Metropolitan Life Insurance Company. The owner had contracted with defendant, H. L. Lazar, Inc., for certain alterations and redecoration of the entrance and lobby of the building, and the work under that contract — part of which Lazar had subcontracted to others — had been in progress for several weeks before plaintiff met with the accident. Unquestionably, plaintiff was a business invitee to whom the owner owed a duty of seeing that the premises were kept in a reasonably safe condition for access and egress. But liability for injuries caused by a dangerous or defective condition cannot be imposed on an owner unless the owner has notice, actual or constructive, of the existence of the offending condition. In our opinion, the verdict in favor of plaintiff must be set aside as against the weight of the credible evidence, and a new trial granted, because the proof was insufficient to establish notice, actual or constructive, on the part of Metropolitan Life of the presence of the pail in the passageway. From the proof it does not appear that there was any actual notice, nor was it sufficiently established that the pail was in the passageway for such length of time that the owner could be presumed to have known of its existence. Nor was the evidence of a satisfactory nature to establish that the pail, over which plaintiff tripped, had been placed in the passageway by an employee of defendant Lazar, or by any person for whom Lazar would be responsible. Since the judgment in favor of plaintiff is being reversed, it necessarily follows that judgment over in favor of Metropolitan against Lazar

for indemnity must also be vacated. Concur — Botein, P. J., Rabin, Valente, McNally and Eager, JJ.